MAGER, Judge.
We are of the opinion that the record supports the trial court’s findings of fact that appellee’s lien was timely filed. Additionally we are of the view that the trial court was not in error in its determination as to the reasonable value of appel-lee’s lien for labor and services furnished appellant.
In estimating the reasonable value of work and labor actually furnished (where the contract has been terminated without fault of the materialman or contractor) such factors as the actual cost of work done and materials supplied, including the overhead and profit, wages paid to employees performing the labor supervision and rentals of equipment furnished in the improvement, may be considered. 53 Am. Jur.2d Mechanics’ Liens §§ 103-107, 245; see also Rebisso, Inc. v. Frick, 1953, 159 Ohio St. 449, 112 N.E.2d 651; cf. Surf Properties v. Markowitz Bros., Fla.1954, 75 So.2d 298. Such items, as separate items, are nonlienable but become lienable when they are included in a contract price or reflected in the reasonable value of labor or materials furnished.
The trial court was not in error in considering the foregoing factors in determining the reasonable value of labor performed or materials furnished.
Affirmed.
REED, C. J., and OWEN, J., concur.